IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MILESSA M. FICKEN, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 07-6183-KI |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

KATHRYN TASSINARI
Harder, Wells, Baron & Manning
474 Willamette, Suite 200
Eugene, Oregon 97401

    Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney

BRITANNIA J. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

DAVID J. BURDETT
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

        Attorneys for Defendant

KING, District Judge:

        Plaintiff Milessa Ficken ("Ficken") seeks judicial review of the Social Security Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's final decision is reversed and remanded for further proceedings consistent with this opinion and order.

## BACKGROUND

        Born in 1977, Ficken reports completing the eighth or ninth grade. Tr. 65, 75, 85.[1] Ficken reports work as a warehouse order puller, gas station attendant, and fish sorter. Tr. 87. Ficken applied for DIB on December 17, 2003, alleging disability since April 2000, due to dysthymia, post-traumatic stress disorder ("PTSD"), and borderline personality disorder. Tr. 65, 69. On May 3, 2006, Ficken additionally applied for SSI.[2]

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on September 18, 2007 (Docket #9).

[2] The record indicates that a copy of Ficken's SSI application "is not available for inclusion." Tr. 5.

2 - OPINION AND ORDER

The Commissioner denied Ficken's applications initially and upon reconsideration. Tr. 32-37. An Administrative Law Judge ("ALJ") held a hearing on April 14, 2006. Tr. 517-74. On December 26, 2006, the ALJ issued an unfavorable decision. Tr. 13-23. The Appeals Council denied review on May 26, 2007, making the ALJ's decision the final decision of the Commissioner. Tr. 6-8.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. 20 C.F.R. §§ 404.1509, 416.909, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. §§ 504.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and

continuing basis, despite limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e) 416.920(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(f). If the claimant cannot perform such work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1566, 416.920(g), 416.966.

## **THE ALJ'S FINDINGS**

The ALJ found Ficken's personality disorder, "dysthymic/rule out bipolar disorder" and "anxiety/post traumatic-stress disorder" severe in combination at step two in the sequential proceedings. Tr. 16. The ALJ found that these impairments did not meet or equal a listing at step three and assessed Ficken's RFC. The ALJ found that Ficken has no exertional limitations but that,

4 - OPINION AND ORDER

"as a result of psychological impairments, she is precluded from employment requiring close interaction with coworkers of the general public. Her work cannot require a lot of changes from day to day." Tr. 19. The ALJ concluded that this RFC allowed Ficken to perform her past relevant work as an order puller and fish sorter, and therefore found Ficken not disabled. Tr. 22-23.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## ANALYSIS

Ficken challenges the ALJ's review of the medical evidence, her testimony, and the ALJ's subsequent RFC assessment and finding that she was not disabled.

### I.   Medical Source Statements

Ficken asserts that the ALJ improperly evaluated examining psychologists Drs. Eckstein and

Kirkendall. The ALJ must provide "clear and convincing" reasons for rejecting an examining psychologist's uncontroverted opinion and "specific and legitimate" reasons for rejecting an examining psychologist's controverted opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ may reject an opinion that is brief, conclusory, or unsupported by clinical findings. *Id.*

    a.    Dr. Eckstein

The ALJ noted that Dr. Eckstein evaluated Ficken one time (tr. 21), and also acknowledged that Dr. Eckstein reviewed records from other psychologists and mental health therapists at Douglas County Mental Health Center ("DCMH"). Tr. 20. The ALJ omitted any reference to Dr. Eckstein's diagnostic conclusions, citing only Dr. Eckstein's intelligence and personality test results. Tr. 21. While the ALJ cited Dr. Eckstein's reference to a bipolar disorder diagnosis suggested by DCMH practitioners, the ALJ failed to note that Dr. Eckstein herself also assessed Ficken with "Bipolar II Disorder, Most Recent Episode Depressed." Tr. 20, 476.

The ALJ also noted Dr. Eckstein's cautionary language regarding Ficken's Personality Assessment Inventory ("PAI") testing. Tr. 21. Dr. Eckstein wrote:

> The validity indices of Ms. Ficken's PAI results indicate that she took the test in a generally valid manner, responding appropriately to the content of items. However, there may be the possibility that Ms. Ficken was attempting to endorse items that presented an unfavorable impression. Thus, the possibility of exaggeration of complaints exists although this does not render the test results uninterpretable. However, hypothesis presented below may over represent the extent or degree of test findings in certain areas.

Tr. 474. The ALJ's citation to this language offered no evaluation or analysis. Tr. 21. Because Dr. Eckstein herself did not affirmatively find that Ficken malingered or proffered invalid test results,

6 - OPINION AND ORDER

this court will not sustain the ALJ's inference that Dr. Eckstein's language supports rejection of her clinical findings.

The record shows that Dr. Eckstein's conclusion assessed Bipolar disorder, Panic Disorder with Agorophobia, PTSD, Borderline Personality Disorder, and a Mathematics Disorder. Tr. 476. The ALJ's additional finding that an examining psychologist met the claimant once does not constitute an acceptable reason for omitting any reference to Dr. Eckstein's opinion and diagnostic conclusions. For these reasons the ALJ's truncated analysis of Dr. Eckstein's opinion is not sustained.

      **b.     Dr. Kirkendall**

The ALJ discussed Ficken's reports to Dr. Kirkendall and noted that Ficken maintained poor eye contact "in direct contrast to the Eckstein evaluation." Tr. 21. The ALJ did not cite or refer to any of Dr. Kirkendall's clinical findings or diagnostic assessments. *Id.* The ALJ also noted, as she did with Dr. Eckstein, that because Dr. Kirkendall evaluated Ficken only once, his opinion was entitled to "limited weight." *Id.*

The record shows that Dr. Kirkendall concluded that Ficken's "interview data suggests the following DSM-IV diagnoses," including PTSD ("rule-out"), Panic Disorder with Agorophobia, Dysthymic Disorder, and Borderline Personality Disorder. Tr. 493. The ALJ omitted these conclusions and gave no reason for her omission. The ALJ's analysis of Dr. Kirkendall's report is not sustained.

This court finds the ALJ's inference that Ficken's inconsistent eye contact distinguishes Dr. Kirkendall's opinion from Dr. Eckstein's opinion contrived. Both clinicians arrived at similar

diagnostic impressions. This reasoning does not distinguish the clinical impressions of Drs. Kirkendall and Eckstein. In summary, the ALJ clearly failed to give any adequately supported reasons for rejecting the opinions of both Drs. Kirkendall and Eckstein.

**II.     Credibility**

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged" the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter,* 504 F.3d at 1036 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility finding "solely because " the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

The ALJ first found that Ficken was "self-imposing" her stated limitations. Tr. 22. The ALJ also found Ficken's limitations disproportionate to the objective medical record, and stated that Ficken "has a history of polysubstance abuse, which suggests patterns of

duplicity/evasion/misdirection." *Id.* The ALJ then cited Ficken's daily activities and ability to drive. *Id.* Finally, the ALJ found Ficken non-compliant with medication and stated that Ficken's "type of medications and dosages reported . . . are not indicative of a total disability." *Id.*

The ALJ may question a claimant's credibility if the record shows that the claimant self-imposed her limitations. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Here, the ALJ did not point to specific evidence supporting her finding that Ficken self-imposed her limitations. Tr. 22. This finding is therefore not sustained.

The ALJ may not impugn a claimant's credibility because her symptom testimony is disproportionate to the medical record. *Smolen*, 80 F.3d at 1282. While the ALJ may cite a claimant's medical record in conjunction with other credibility findings, *id.* at 1284, the ALJ may not say that the extent of the claimant's symptom testimony is unsupported by the medical evidence. *Id.* at 1282. This finding is not sustained.

The ALJ also stated that Ficken was non-compliant with her medication. Tr. 22. The record does not support this statement. Instead the record shows that Ficken could not tolerate some psychiatric medications due to side effects and that her medication regime was subsequently changed. Tr. 192, 194, 199, 213. Additionally, the ALJ did not cite a medical opinion supporting her conclusion that "the types and dosages" of Ficken's medications "are not indicative of disability." Tr. 22. No authority suggests that a credibility finding may be based upon such reasoning. This reference is also not sustained.

Finally, the ALJ cited Ficken's ability to vacuum, prepare simple meals, shop for her household, pay bills, watch television, and drive. Tr. 22. The ALJ may cite a claimant's activities

of daily living. *Smolen*, 80 F.3d at 1284. However, the Ninth Circuit repeatedly holds that an adverse credibility finding based upon activities of daily living must establish that "a claimant is able to spend a substantial part of [her] day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603) (9th Cir. 1989)). Here the ALJ must make "specific findings" relating to the claimant's daily activities and their transferability to the work place. *Id.* (citing *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). While the court must generally defer to the ALJ's interpretation of a claimant's activities of daily living, *Burch*, 400 F.3d at 680, the ALJ presently made no specific finding that Ficken's limited activities are transferable to a work setting. This court finds that these limited activities alone do not constitute a "clear and convincing" reason for finding Ficken not credible. Therefore the ALJ's credibility finding is not sustained.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings.

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id.* (quoting *Smolen,* 80 F.3d at 1292). The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court

flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003). Here, the ALJ erroneously assessed the opinions of Drs. Eckstein and Kirkendall, as well as Ficken's credibility. Drs. Eckstein and Kirkendall respectively endorsed "marked" and "extreme" limitations in Ficken's ability to interact with the public, co-workers, supervisors, and pressure in the work setting. Tr. 487, 496. Ficken stated that she "does not do well with crowds" and does not like leaving her house. Tr. 539, 540. She also stated that she becomes "panicky when there's a bunch of people and I'm around males," and that at these times she becomes shaky. Tr. 541. Finally, Ficken stated that she has panic attacks. Tr. 548-49, 555.

The ALJ asked the vocational expert to consider a hypothetical individual with a limited education and no exertional limitations. Tr. 568. The ALJ further limited the hypothetical individual to a job without close interaction with coworkers or the general public and with "rote tasks, not a lot of changing in her job requirements from day to day." *Id.* The vocational expert affirmed that such an individual could perform Ficken's past relevant work as an order puller and fish sorter. Tr. 569.

Ficken's attorney subsequently handed a "document completed by Dr. Eckstein," and the vocational expert stated that she had another form in hand which she identified as "Kirkendall." *Id.* Ficken's attorney did not specify exhibit numbers for these documents. The vocational expert first commented that one of these documents (which she did not identify for the record) was internally contradictory. Tr. 571. The court notes that such evaluation of medical opinions is not within the scope of the vocational expert's testimony. Ficken's attorney subsequently asked if Ficken could

perform "either of these jobs" and the vocational expert answered, "well . . . that would be very compromising to hold a job. I will say that." *Id.*

This court does not find either counsel's questioning or the vocational expert's answers sufficient to establish that Ficken could not perform work existing in the national economy. Such evidence would establish disability at step five in the sequential proceedings. *Tackett*, 180 F.3d at 1101. The hearing transcript does not show what limitations the vocational expert reviewed. Ficken's attorney did not ask if Ficken could perform other jobs in the national economy. Furthermore, the vocational expert's statement that Ficken's ability to hold an unspecified job based upon unidentified limitations would be "compromised" does not amount to substantial evidence which, if credited, would support a step five finding. *See id.*

However, in light of the ALJ's improper analysis, this court credits Ficken's symptom testimony and the erroneously rejected opinions of Drs. Eckstein and Kirkendall. *Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir. 1989). Because the vocational expert failed to proffer succinct evaluation of the effects of Ficken's limitations, the court is compelled to remand for further vocational testimony regarding additional limitations the credited evidence establishes. *Id.* at 504. Upon remand, the ALJ will construe an RFC assessment incorporating the improperly rejected limitations and, if necessary, procure additional testimony from a vocational expert.

## CONCLUSION

The Commissioner's decision that Ficken did not suffer from disability and is not entitled to benefits under Titles II and XVI of the Social Security Act is not based upon correct legal standards or supported by substantial evidence. The Commissioner's decision is REVERSED and

REMANDED for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

Dated this   21st   day of July, 2008.

                                                      /s/ Garr M. King  
                                                     Garr M. King  
                                                     United States District Judge